UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOUGLAS JONES, JR.,

Plaintiff,                                         Hon. Paul L. Maloney

v.                                                         Case No. 1:23-cv-507

ALICIA DIANE WILLIAMS, et al.,

Defendants.

_____/

**REPORT AND RECOMMENDATION**

Plaintiff initiated this action May 16, 2023, against various individuals involved in his ongoing state court criminal prosecution.  (ECF No. 1).  Because Plaintiff has been permitted to proceed as a pauper (ECF No. 6), the Court has reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted.  Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that this action be dismissed.

**ANALYSIS**

A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).  As the Supreme Court has held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as

1

true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).    This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."   If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"    *Id.*   As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.   Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

Plaintiff alleges that he is presently being prosecuted in state court for "false pretenses" and "innkeeper defrauding."   Plaintiff initiated this action against the following individuals: (1) Alicia Williams, the manager of the hotel Plaintiff is alleged to have defrauded; (2) Heather Butts, the police officer who received Williams' complaint; (3) the Honorable Thomas Lyon, the magistrate who conducted Plaintiff's arraignment;

(4) Robert Hackett, the public defender assigned to represent Plaintiff; (5) Mary Pubich, the prosecutor who charged Plaintiff; and (6) the Honorable Peter Jaklevic, the judge assigned to Plaintiff's case.

Plaintiff alleges that Mecosta County lacks jurisdiction to prosecute him. Specifically, Plaintiff alleges that prior to arresting and charging him, Defendant Butts mailed him a "contact letter" as part of her investigation.   Butts, however, mailed the letter to the incorrect address.   After the letter was returned without being delivered, Defendant Pubich made the decision to charge Plaintiff.   Plaintiff alleges that these circumstances violated his due process rights and deprived Mecosta County of jurisdiction to prosecute him.   Plaintiff requests $18 million dollars in damages and an Order that he be released from custody pending resolution of the charges against him.

Plaintiff has failed to allege facts, which, if proven, would entitle him to relief. Plaintiff acknowledges that Butts mailed her contact letter to the address on Plaintiff's Michigan Identification Card.   Thus, even if the Court assumes that Officer Butts mailed her contact letter to the wrong address, such hardly violates Plaintiff's rights. Likewise, while Plaintiff contends that he is not guilty of the crimes of which he has been charged, Plaintiff's allegations do not show that probable cause to charge him was lacking.

Furthermore, to the extent that Plaintiff is requesting that the Court intervene in his ongoing state criminal prosecution, the Court must decline.   As has long been recognized, federal courts should abstain from interfering in on-going state criminal matters "unless extraordinary circumstances are present."   *Marjamaa v. Mitchell*, 2019

WL 5853486 at *1-2 (W.D. Mich., Nov. 8, 2019) (citing *Younger v. Harris*, 401 U.S. 37, 44-55 (1971)).   Plaintiff's allegations fall well short of establishing the sort of extraordinary circumstances which would justify interference by this Court in an on-going state criminal matter.   *Marjamaa*, 2019 WL 5853486 at *2.   Accordingly, the undersigned recommends that this matter be dismissed for the reasons articulated herein.

**CONCLUSION**

For the reasons discussed herein, the undersigned recommends that Plaintiff's complaint (ECF No. 1) be dismissed for failure to state a claim on which relief may be granted and because the circumstances do not warrant interference by this Court in Plaintiff's on-going state court criminal matter.   For the same reasons the undersigned makes this recommendation, the undersigned finds that an appeal of such would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.    28 U.S.C. § 636(b)(1)(C).   Failure to file objections within the specified time waives the right to appeal the District Court's order.   *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: June 6, 2023

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge